UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KELSEY | ) | CASE NO. |
| 2142 State Route 46 N | ) | |
| Jefferson, Ohio 44047 | ) | |
| | ) | JUDGE |
| On behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF'S CLASS ACTION** |
| | ) | **COMPLAINT** |
| NASSIEF AUTOMOTIVE, INC. | ) | |
| In its own name and doing business | ) | |
| as Nassief Honda | ) | |
| c/o Its Statutory Agent | ) | |
| Todd M. Nassief | ) | |
| 5456 Main Ave. | ) | |
| Ashtabula, OH 44044 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jennifer Kelsey, through counsel, brings this class action against
Defendants Nassief Automotive, Inc., in its own name and doing business as Nassief
Honda (collectively "Nassief" or "Defendant"), stating and alleging as follows.

## INTRODUCTION

1.     Plaintiff brings this class action for herself and other purchasers of
automobiles from Defendant's dealership.  The action challenges Defendant's willful
practice of circumventing the disclosure requirements of the Truth in Lending Act
("TILA"), 15 U.S.C. § 1601, et seq.

## JURISDICTION AND VENUE

2.     The Court has federal question jurisdiction over Plaintiff's TILA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and division, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and Defendant regularly conducted business in this district and division out of which claims asserted herein arose.

## PARTIES

4.     At all times relevant, Plaintiff was a citizen of the United States residing in Cuyahoga County, Ohio, within this judicial district and division.

5.     Nassief Automotive, Inc. is an Ohio corporation with its principal place of business at 2920 GH Drive, Austinburg, Ohio 44010, within the geographic jurisdiction of the Court.   According to the records of the Ohio Secretary of State, Nassief Automotive, Inc.'s statutory agent is Todd M. Nassief, 5456 Main Ave., Ashtabula, Ohio 44044.

## FACTUAL ALLEGATIONS

6.     Defendant Nassief Automotive, Inc. is engaged in the sale of new and used automobiles under the fictitious name "Nassief Honda."

7.     For some or all of its automobile sales, Defendant Nassief utilizes a practice that circumvents the disclosure requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.

## DEFENDANT'S CIRCUMVENTION OF TILA DISCLOSURE REQUIREMENTS

8.     Enacted by Congress in 1968, TILA is intended to promote the informed use of credit by ensuring meaningful disclosures and protecting against fraud. Congress mandated "meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601(a).

9.     TILA requires creditors to disclose credit terms to consumers in designated forms and under prescribed time frames.  15 U.S.C. § 1638.  The Act's implementing regulation, 12 C.F.R. § 226.1, et seq. ("Regulation Z"), specifies the form and manner in which creditors must disclose TILA-required information.  Regulation Z provides that "[t]he creditor shall make the disclosures required by [TILA] clearly and conspicuously in writing, in a form that the consumer may keep," and that such disclosures be made "**before** the consummation of the transaction."  12 C.F.R. § 226.17(a) & (b) (emphasis added).  "Consummation" of the transaction is defined as "the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).

10.     Defendant Nassief creates the appearance of compliance with TILA's disclosure requirements and those of Regulation Z, while intentionally circumventing and violating those requirements.

3

11.    Defendant's Retail Installment Sales Contract ("RISC") purports to make the disclosures of credit-terms required by TILA and Regulation Z.  Page one of the RISC states that "[b]y signing this contract, you choose to buy vehicle on credit" and "[y]ou agree to pay the Seller-Creditor (sometimes 'we' or 'us' in this contract) the Amount Financed and Finance Charge … according to the payment schedule below." Boxes in the RISC—labeled "Truth in Lending Act Disclosures"—state the Annual Percentage Rate, the Finance Charge, the Amount Financed, the Total of Payments, and the Total Sale Price.

12.    The "Seller-Creditor" listed in the RISC is "Nassief Honda," Defendant's fictitious name.

13.    Having obtained the customer's signature on this RISC, Defendant delivers the vehicle to the customer and provides a Bureau of Motor Vehicles registration identifying the customer as Purchaser/Lessee.

14.    Simultaneously, however, Defendant has the customer sign a Buyer's Order purporting to list a third party as lender.  Upon later determining, in consultation with this lender or otherwise, that the credit terms disclosed in the RISC are not desirable, Defendant ignores the RISC and demands that the customer return the vehicle.

15.    Applied in this manner, the Buyer's Order contradicts the RISC and renders the credit terms disclosed in the RISC merely illusory.  Defendant's utilization of the contradictory Buyer's Order circumvents the disclosure requirements of TILA and Regulation Z.

## WILLFULNESS OF DEFENDANT'S TILA VIOLATION AND PREDATORY VICTIMIZATION OF PURCHASERS

16.     Defendant Nassief intentionally and willfully circumvented TILA's disclosure requirements in its Retail Installment Sales Contract and Buyer's Order. Defendant intended to mislead purchasers as to the terms of sale, and in particular the credit terms.

17.     Once purchasers signed the RISC, Defendant utilized the contradictory Buyer's Order in a predatory manner, resulting in extreme detriment and injury to Plaintiff and other purchasers.  Defendant repossesses or forces the return of customers' cars, and then exacts credit terms that more favorable to Defendant.

## THE KELSEY TRANSACTION

18.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19.     On April 13, 2017, Plaintiff signed a Retail Installment Sales Contract ("RISC") with Defendant under which Defendant agreed to sell Plaintiff a 2014 Chevy Cruze in exchange for a $500 down payment, trade-in of Plaintiff's current vehicle, and an agreed-upon cash price.   The cash price was financed by "Nassief Honda" (Defendant's fictitious name) as the "Seller-Creditor" named in the RISC. The April 13, 2017 RISC is attached hereto as Exhibit 1.

20.     Simultaneously, Defendant had Plaintiff sign a Buyer's Order listing "Santader Auto Finance" as lender. The April 13, 2017 Buyer's Order is attached hereto as Exhibit 2.

21.     A few weeks later, Defendant demanded that Plaintiff return the vehicle and execute new documents with credit terms more favorable to Defendant.

22.     Believing she had no other choice, on May 23, 2017, Plaintiff signed another Retail Installment Sales Contract with Defendant under which Defendant agreed to sell Plaintiff the same 2014 Chevy Cruze in exchange for a $500 down payment, trade-in of Plaintiff's current vehicle, and an agreed-upon cash price.  Once again, the cash price was financed by "Nassief Honda" (Defendant's fictitious name) as the "Seller-Creditor" named in the RISC.  This time, however, Plaintiff was required to include a relative as "co-buyer." The May 23, 2017 RISC is attached hereto as <u>Exhibit 3</u>.

23.     As before, Defendant had Plaintiff sign a Buyer's Order, this time listing "Regional Acceptance Corp." as lender.  The May 23, 2017 Buyer's Order is attached hereto as <u>Exhibit 4</u>.

24.     Again, weeks later, Defendant again demanded that Plaintiff return the vehicle.

25.     When Plaintiff refused, representatives of Defendant went to Plaintiff's home and took possession of the Chevy Cruze – a vehicle that, by law, belonged to Plaintiff.

26.     Additionally, when Plaintiff demanded return of the trade-in vehicle, a 1995 Chevrolet Tahoe, she was informed that Defendant had already sold that vehicle.

27.     Moreover, when Plaintiff demanded return of her down payment, Defendant refused to return that as well, charging her an alleged repossession and mileage fee.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of the Class, defined as:

> All customers who signed a Retail Installment Sales Contract listing Defendant as "Seller-Creditor" as well as a Buyer's Order listing a third-party as lender, and were later forced to return their cars, had their cars repossessed, or signed a new Retail Installment Sales Contract that included other terms including but not limited to a higher down payment or interest rate, a co-signer requirement, or other additional charge.

30.     The Class is so numerous that joinder of all class members is impracticable.  Plaintiff does not yet know the precise number of customers who comprise the Class, but believes and therefore avers that the number well exceeds 100. The number of class members as well as their identities are ascertainable from records maintained by Defendant.

31.     There are questions of law or fact common to the Class.  The common questions include whether Defendant's practice of having customers sign a Retail Installment Sales Contract listing Defendant as "Seller-Creditor" as well as a Buyer's Order listing a third-party as lender violated the disclosure requirements of TILA and whether Plaintiff and other class members are entitled to statutory damages.

32.     Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

33.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation and are fully qualified to prosecute the claims of the proposed Class in this case.

34.     The questions of law or fact that are common to the proposed Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.  These issues are readily determinable on a classwide basis.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Truth in Lending Act—Statutory Damages)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Defendant Nassief's sales and leases of automobiles to Plaintiff and other class members were subject to the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and all related regulations, commentary, and interpretive guidance promulgated thereunder.

38.     TILA defines "creditor" as the "person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f)(2). Defendant's Retail Installment Sales Contract names "Nassief Hona" (Defendant's fictitious name) as "Seller-Creditor." Defendant is a "creditor," as defined by TILA, with respect to its transactions with customers who signed the Retail Installment Sales Contract, including Plaintiff and other class members.

39.     Defendant willfully violated TILA and its implementing regulations. Regulation Z required Defendant to make the TILA-required disclosures of credit terms "clearly and conspicuously," and "before the consummation of the transaction." 12 C.F.R. § 226.17(a) & (b). "Consummation" of the transaction is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Defendant's RISC created the appearance of compliance, but its Buyer's Order contradicted the RISC and rendered the credit terms disclosed in the RISC merely illusory. Defendant's utilization of the Buyer's Order circumvented the disclosure requirements of TILA and Regulation Z.

40.     Plaintiff and other class members were injured by Defendant's violation of TILA. For example, they did not receive "meaningful disclosure" of the credit terms as

Congress intended, and their transactions with Defendant did not enjoy the TILA-intended protection against fraud.  15 U.S.C. § 1601(a).  Plaintiff and other class members are entitled to statutory damages pursuant to 15 U.S.C. § 164(a)(2)(b).

## COUNT TWO
### (Truth in Lending Act—Actual Damages)

41.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.    Plaintiff Kelsey suffered actual damages as a proximate result of Defendant's violation of TILA.

43.    Defendant twice circumvented TILA's disclosure requirements by entering into Retail Installment Sales Contracts with Plaintiff listing itself as the "Seller-Creditor" but having Plaintiff simultaneously sign Buyer's Orders listing third parties as lenders.  In each instance, Defendant later ignored the RISC and demanded that Plaintiff return the vehicle.

44.    Defendant intended to mislead Plaintiff as to the terms of the sale, and in particular the credit terms.

45.    Plaintiff Kelsey is entitled to actual damages pursuant to 15 U.S.C. § 164(a)(1).  Plaintiff Kelsey brings this claim individually.

## COUNT THREE
### (Declaratory Judgment)

46.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

48.     Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff and other class members and Defendant Nassief.

49.     A declaratory judgment will aid in determining the rights and obligations of the parties.

50.     Plaintiff asks the Court to declare, among other appropriate declarations, that Defendant's practice of having customers sign a Retail Installment Sales Contract listing Defendant as "Seller-Creditor" as well as a Buyer's Order listing a third-party as lender violated the disclosure requirements of TILA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Classes;

B.     Enter judgment against Defendant and in favor of Plaintiff and other class members;

C.     Award declaratory relief in favor of Plaintiff and other class members as herein requested;

D.     Award damages to Plaintiff and other class members as requested and appropriate;

E.     Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Allen C. Tittle*
ALLEN TITTLE (0086590)
TITTLE & PERLMUTER
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
Phone: 216-308-1522
Fax: 888-604-9299
tittle@tittlelawfirm.com

*s/ Thomas A. Downie*
THOMAS A. DOWNIE (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
Phone: 440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiff


JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Allen C. Tittle*
ALLEN TITTLE (0086590)